UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA *ex rel.* )
LANCE ALBERTSON )
)
      Plaintiff/Relator, )
)
            v. )    Civil Action No. 3:23-CV-0289
)    Greer/Poplin
AGENDIA, INC, )
)
      Defendant. )
_____)

## MOTION OF THE UNITED STATES
## TO INTERVENE FOR THE PURPOSE OF SETTLEMENT

The United States of America, by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, respectfully moves to intervene in the above-captioned action for the purpose of settlement pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(c)(2)(D)(3).

The Relator in this case, Lance Albertson, filed this action in the U.S. District Court for the Northern District of Georgia on March 30, 2021. On December 6, 2022, the United States, acting through the U.S. Attorney's Office for the Northern District of Georgia, filed a Notice of Election declining to intervene in this case. (Doc. 18.) At that point Relator Albertson began conducting the action pursuant to 31 U.S.C. § 3730(c)(2)(D)(3). Soon thereafter, Relator Albertson started conferring with the U.S. Attorney's Office for the Eastern District of Tennessee, which was investigating allegations in a very similar *qui tam* action pending in the U.S. District Court for the Eastern District of Tennessee, which remains under seal.[1] By April 2023, Agendia and the U.S.

---

[1] In February 2023, Relator Albertson asked the Court to extend the date for serving the Complaint on the Defendant because "another United States Attorney's Office in a different district has expressed an interest in Relator Albertson's case and is currently investigating a similar sealed False Claims Act case. As a result, Relator Albertson

1

Attorney's Office for the Eastern District of Tennessee were in active settlement negotiations. Relator Albertson participated in these negotiations through his counsel. On August 1, 2023, Relator Albertson filed a motion requesting that this case be transferred from Northern District of Georgia to the Eastern District of Tennessee. (Doc. 25.) The motion was granted on August 3, 2023. (Doc.27.) On August 14, 2023, this Court entered an order finding that the above-captioned case and the aforementioned sealed case pending in the Eastern District of Tennessee are related and arose out of the same transactions or occurrences. (Doc. 31.)

With the exception of Relator Albertson's claim for retaliation against Agendia, Inc. under 31 U.S.C. § 3730(h), the United States, Relator Albertson, and Defendant Agendia, Inc. reached an agreement in principle to resolve this action and had finalized nearly all the settlement terms by November 2024. The Settlement Agreement was fully executed and became effective on December 31, 2024. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

There is good cause to permit the United States to intervene in this case notwithstanding the December 2022 declination. The United States and Agendia have reached a settlement to resolve all federal FCA claims, including the claims in above-captioned case. The settlement is fair and reasonable under the circumstances. Relator Albertson and all other parties have approved the settlement terms and signed the Settlement Agreement. Moreover, Relator Albertson and his counsel closely monitored or effectively joined in the investigation and settlement discussions being conducted by the U.S. Attorney's Office for the Eastern District of Tennessee and began collaborating in those efforts almost immediately after the declination. In other words, all parties expected the United States to seek leave to intervene in this case if a comprehensive settlement

---

anticipates requesting that the Court transfer this case to that district so that it can be consolidated with the other sealed and pending matter." (Doc. 20.)

with Agendia was reached. Finally, the United States is the true party in interest as to the substantive FCA claims alleged in this case. The Government has conferred with counsel for the Relator and certifies to the Court that Relator Albertson consents to the United States' intervention in this case.

For these reasons, the United States respectfully contends that there is good cause to permit the United States to intervene. If intervention is permitted, the United States and Relator Albertson will file a joint stipulation to dismiss Counts I through V of the Complaint filed in this case upon receipt of the payment described in Paragraph 1.a of the Settlement Agreement. However, Count VI of the Complaint, which alleges retaliation against Relator Albertson, will not be dismissed.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By: /s/ Alan G. McGonigal
Alan G. McGonigal, West Virginia Bar No. 6075
Alexa Ortiz Hadley, BPR #036892
Assistant United States Attorneys
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167
Alan.McGonigal@usdoj.gov
Alexa.Hadley@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, a true and correct copy of the foregoing was mailed first class, postage prepaid, and/or sent electronically to the following:

RAMSEY B. PRATHER
Ramsey@butlerprather.com
105 13th Street
Columbus, GA 31901
Phone: (706) 322-1990
*Counsel for Relator*

BRADLEY W. PRATT
Bradley@bayukpratt.com
4401 Northside Parkway NW
Suite 390
Atlanta, GA 30327
Phone: (404) 500-2669
*Counsel for Relator*

Neeli Ben-David, AUSA
United States Attorney's Office
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta, GA 30303-3309
Neeli.Ben-David@usdoj.gov

Joseph C. Hudzik
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
(202) 637-1055
joseph.hudzik@lw.com
*Counsel for Agendia, Inc.*

_____
Alan G. McGonigal
Assistant U.S. Attorney